IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Rontell Singletary, | ) | Civil Action No.: 8:14-cv-01764-JMC-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden Bush, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner brought this action seeking relief pursuant to 28 U.S.C. § 2254. [Doc. 1.] On August 4, 2014, Respondent filed a motion for summary judgment. [Doc. 30.] On August 5, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately. [Doc. 31.] Petitioner filed a motion for extension of time to respond to the motion for summary judgment [Doc. 33], and by Order dated September 8, 2014, Petitioner was given 30 additional days to file his response [Doc. 35]. Despite the additional time and *Roseboro* explanation, Petitioner did not respond to the motion.

As Petitioner is proceeding pro se, the Court filed a second Order on October 22, 2014, giving Petitioner through November 10, 2014, to file his response to the motion for summary judgment. [Doc. 38.] Petitioner was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. [*Id.*] However, Petitioner has failed to respond to the motion.

Based on the foregoing, it appears Petitioner no longer wishes to pursue this action. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice *sua sponte*." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indust., Inc.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty., Va.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and

(4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the

Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

Because Petitioner is proceeding pro se, he is personally responsible for his failure to file a response. Petitioner has had over three months to respond to the motion for summary judgment. Under the *Roseboro* Order, Petitioner's response was due by September 8, 2014, which was extended until October 8, 2014, and despite being advised of the possible consequences if he failed to adequately respond, Petitioner elected not to respond. The Court filed a second Order, reminding Petitioner a response was due, giving him additional time—until November 10, 2014—to respond, and warning him the case would be dismissed pursuant to Rule 41(b) if he failed to file a response. However, Petitioner has failed to respond. Because Petitioner has already ignored Court Orders and deadlines, sanctions less drastic than dismissal would not be effective.

Wherefore, based upon the foregoing, the Court recommends the case be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>United States Magistrate Judge

November 14, 2014
Greenville, South Carolina